U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
APR 0 4 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 04-10001/02 |
|---|---|
| VERSUS | JUDGE DRELL |
| JEVON FREDERIC ARMOUR | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter was referred to the undersigned Magistrate Judge for report and recommendation.

### Statement of Claim

Jevon Frederic Armour ("Armour") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. #61.) Armour is attacking his 2004 conviction and sentence for one count of assault with a dangerous weapon pursuant to 18 U.S.C. §113(A)(3). Armour plead guilty to the crime charged in the United States District Court for the Western District of Louisiana, Alexandria Division. He was sentenced to 70 months imprisonment to run consecutively to any other sentence he was serving. Armour is presently incarcerated in the United States Penitentiary in Florence, Colorado.

Armour raises the following grounds for habeas relief:

1. Armour's court appointed defense counsel failed to move for severance and failed to request an evidentiary hearing once Armour claimed that he was not guilty.

1

2. The sentence was unlawfully imposed because there was an unlawful four point enhancement.

3. Armour's conviction was obtained by a guilty plea made without a full understanding of the charges.

## Law and Analysis

Armour previously filed a Motion to Reduce Sentence, arguing that his sentence was unlawfully enhanced under Chapter Four of the U.S. Sentencing Guidelines. (Doc. #59.) The Motion was denied by the district court because the matter was on appeal, and the court no longer had jurisdiction over the case. Additionally, the court noted that "there were no Chapter Four enhancements applied in Mr. Armour's sentence...."

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under Section 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a Section 2255 motion lies in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001).

Section 2255 states, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

See United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. See U.S. v. Smith, 32 F.3d 194, 196 (5th Cir. 1994).

No hearing is required on a § 2255 motion if the allegations, "viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'" Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985), quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert denied, 470 U.S. 1058 (1985). An evidentiary hearing is not required in this case because the record is dispositive of Armour's claims.

1. Ineffective assistance of counsel.

Armour argues that he was denied effective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. U.S. CONST., amend. VI. Under Strickland v. Washington, in order to demonstrate ineffective assistance of counsel, a defendant must prove that (1) "counsel's performance was deficient," **and** (2) that "the deficient performance prejudiced the defense ··· [i.e.,] that counsel's errors were so serious as to deprive the defendant of a

3

fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668 (1984).

Armour argues that his court appointed counsel was ineffective for failing to move for severance and for failing to request an evidentiary hearing once Armour "contested being guilty." (Doc. #61.) First, Armour claims that his counsel provided ineffective assistance by not seeking severance of his trial from that of his codefendants. All of the codefendants were charged in the same act constituting the offense - assault with a dangerous weapon. As such, they were properly joined pursuant to Fed. R. Crim. P. 8(b). A defendant seeking severance bears a heavy burden of proving the need for a separate trial and "specific and compelling prejudice" if he is tried with his codefendants. See United States v. Dillman, 15 F.3d 384, 392 (5th Cir.), cert. denied, 513 U.S. 866 (1994). Vague and conclusory allegations do not justify habeas relief. See United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983), cert denied, 467 U.S. 1251 (1984). The defendants in this case did not present "mutually antagonistic defenses." In fact, they presented no defenses at all. They all pled guilty to the crime charged. Armour cannot show that his counsel's performance in not requesting a severance was deficient *and* that the allegedly deficient performance prejudiced the defense.

Armour claims that, after pleading guilty, he decided that he was not guilty of the crime; therefore, his attorney should have

4

requested an evidentiary hearing. There is no indication in the record that Armour's attorney acted unreasonably in failing to request an evidentiary hearing after Armour pled guilty or in failing to move to withdraw Armour's guilty plea (which seems to be the real crux of Armour's argument in his *pro se* motion).

Federal Rule of Criminal Procedure 11 provides that a defendant may withdraw a plea of guilty either (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence if: (A) the court rejects a plea agreement under Rule 11(c)(5); or (B) the defendant can show a fair and just reason for requesting the withdrawal. Even if counsel had filed a motion to withdraw the guilty plea prior to sentencing, the court would have denied the motion as there was no fair and just reason to allow withdrawal in this case. Armour knowingly and voluntarily entered a plea of guilty (discussed *infra*). Furthermore, assuming arguendo that the attorney's conduct did fall below an objective standard of reasonableness, Armour cannot show the prejudice required by the second prong of the <u>Strickland</u> test (*supra*). Therefore, this claim of ineffective assistance of counsel lacks any merit.

2. Unlawful Sentence.

Next, Armour argues that the sentence was unlawfully imposed because the sentence was enhanced by four points under the Federal Sentencing Guidelines. At the sentencing, the district judge

5

discussed Armour's objection to a four point increase to the offense level based on the use of a dangerous weapon in the commission of the crime. While Armour contended at the sentencing that he did not use a razor in the assault, he did pled guilty to a charge of assault *with a dangerous weapon* under 18 U.S.C. §113(a)(3). As the judge explained to Armour at the sentencing, "18 U.S.C. §2 allows punishment as a principal against a person who aids, abets, counsels, commands, induces, or procures the commission of a criminal offense." (Transcript of Sentencing, p.5.) Armour admittedly aided and abetted in the commission of the crime. (Doc. #61, p.4.)

Armour argues in his 2255 Motion that the four point enhancement could not be imposed in this instance because his guilt was not determined by a jury of his peers. (Doc. #61, p.4.) In U.S. v. Booker, 543 U.S. 220 (2005), the Court found that the sentencing guidelines were not mandatory, but were advisory and should be considered. Furthermore, the Court stated that a district court cannot increase the maximum authorized sentence under the guidelines based on facts neither admitted by the defendant nor found by a jury beyond a reasonable doubt. See Booker, 543 U.S. 764-765. Here, Armour's sentence was enhanced due to the use of a dangerous weapon in the assault, which was admitted by Armour.

Armour's argument that his sentence was unlawfully imposed

6

because a jury did not determine that a dangerous weapon was used is invalid here because Armour's conviction and sentence were imposed prior to the Booker decision, and the Supreme Court has definitively stated that Booker does not apply retroactively to 2255 Motions. See U. S. v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005).

However, even if Booker did apply to Armour's case, the district judge properly, and in accordance with the holding in Booker, increased the maximum authorized sentence under the guidelines because the facts were admitted by the Armour. As the district judge told Armour in court, on the record, "18 U.S.C. Section 2 allows punishment as a principal against a person who aids, abets, counsels, commands, induces, or procures the commission of a criminal offense." (Transcript of Sentencing, p.5.) Armour admitted that he committed an assault with other individuals, one of whom possessed a weapon used to inflict bodily harm on the victim. Armour admitted that he struck blows to Allen with closed fists while others cut him with a razor. (Doc. #36, p. 1-2.) Even in his 2255 Motion, Armour stated, "Movant understood that he (himself) was guilty of aiding and abetting in the assault on the victim." (Doc. #61, p.4.) Furthermore, Armour, under oath, acknowledge his guilt of the crime charged, assault with a dangerous weapon. (Doc. #29, p.1.) Therefore, the increase in Armour's sentence was based on facts admitted by him, and is

7

constitutional even under Booker.

3. Unlawful Guilty Plea.

Armour complains that his guilty plea was made without understanding the charges against him. (Doc. #61, p.4.) He claims that he thought he was only being convicted for aiding and abetting in the assault, not as a principal in the crime. To enter a knowing and voluntary plea, the defendant must have a full understanding of what the plea connotes and of its consequence. As long as the defendant understood the length of time he might possibly receive, he was fully aware of his plea's consequences. See U. S. v. Bennett, 2005 U.S. App. LEXIS 28436 (5th Cir. 2005), citing Boykin v. Alabama, 395 U.S. 238 (1969); U. S. v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990).

In the instant matter, Armour was informed of the charges against him in court and on the record at the arraignment and initial appearance (Doc. #11) and at the change of plea hearing (Doc. #29). He was under oath and acknowledged that he was guilty of assault with a dangerous weapon. (Doc. #29.) FBI Special Agent, Robert Ruby, testified as to the circumstances surrounding the offense. Additionally, Armour signed a plea agreement stating that he understood that the maximum possible punishment for the crime charge, assault with a dangerous weapon, was a term of imprisonment of not more than ten (10) years, a fine of not more than $250,000.00, or both. (Doc. #30.) Additionally, Armour

signed a statement acknowledging that he had been provided a copy of the charge against him, that he had discussed the charge with his attorney, **that he understood the charge against him, and that he understood the maximum possible penalty that could be imposed.** (Doc. #31, emphasis added.) Armour did not tell the judge that he was confused about the charge or that the possible penalty was unclear to him. Armour was clearly informed of the maximum possible penalty for the crime to which he was pleading guilty, and, after being told this information, Armour continued with his plea. Therefore, Armour's plea was knowing and voluntary. See U.S. v. Bennett, 2005 U.S. App. LEXIS 28436 (5th Cir. 2005); U. S. v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990). Furthermore, it was of no consequence whether Armour was a "principal" or only an accomplice because, as the district judge explained to him at the sentencing, "18 U.S.C. Section 2 allows punishment as a principal against a person who aids, abets, counsels, commands, induces, or procures the commission of a criminal offense." (Transcript of Sentencing, p.5.)

## Conclusion

In sum, the undersigned finds that Armour was not denied effective assistance of counsel, his sentence was lawfully imposed, and his plea was knowingly and voluntarily made. Therefore, Armour's motion should be denied.

Wherefore, based on the foregoing discussion, IT IS

9

RECOMMENDED that Armour's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of April, 2006.

JAMES D. KIRK
United States Magistrate Judge